UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:25-cv-04783-CAS-SKx | Date | August 18, 2025 |
|---|---|---|---|
| Title | Connie Kim v. Cushman and Wakefield U.S., Inc. et al | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Jan Davis | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Saleem Erakat | David Danning |

Proceedings:    MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO REMAND (Dkt. 16, filed on July 9, 2025)

## I.    INTRODUCTION

On April 16, 2025, plaintiff Connie Kim ("plaintiff") filed her Complaint against defendants Cushman & Wakefield U.S., Inc. ("C&W" or "defendant"), Ashley Roedemeier ("Roedemeier"), and Does 1 through 50 (collectively, "defendants") in Los Angeles County Superior Court. She alleges six claims for relief: (1) pregnancy disability discrimination, pursuant to California Government Code §§ 12940(a), 12945; (2) wrongful termination in violation of public policy; (3) harassment in violation of the California Fair Employment and Housing Act ("FEHA"); (4) retaliation in violation of FEHA, pursuant to California Government Code § 12940(h); (5) gender/sex discrimination, pursuant to California Government Code § 12940(a); and (6) intentional infliction of emotional distress. Dkt. 1-4 ("Complaint").

On May 27, 2025, defendant removed the case to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Dkt. 1.

On July 9, 2025, plaintiff filed the instant motion for leave to file a first amended complaint and to remand the case to state court. Dkt. 16 ("Mot."). The same day, plaintiff also filed a proposed First Amended Complaint. Dkt. 17 ("Proposed FAC"). On July 28, 2025, defendant filed its opposition. Dkt. 20 ("Opp."). On August 4, 2025, plaintiff filed her reply. Dkt. 22 ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                       'O'

| Case No. | 2:25-cv-04783-CAS-SKx | Date | August 18, 2025 |
|---|---|---|---|
| Title | Connie Kim v. Cushman and Wakefield U.S., Inc. et al | | |

On August 18, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

**II.    BACKGROUND**

Plaintiff alleges that she was employed by C&W as an Operations Manager from on or about April 10, 2023, to December 2, 2024, during which time she was "subjected to discrimination, harassment, retaliation and untimely termination because of her pregnancy and related leave." Complaint ¶ 9-10. She alleges that she was hired based on extensive qualifications and that she "received only positive reviews and feedback from [C&W] and its management prior to her wrongful termination." Id. ¶ 12. Shortly before plaintiff went on leave, she alleges that she was told she was on track for all of her goals. Id. ¶ 14.

Plaintiff alleges that she informed C&W, via email, that she was pregnant and would be taking maternity leave beginning at the end of August 2024, and though she was not asked how much leave she would be taking, she "assumed [C&W] knew she would take 12 weeks' leave." Id. ¶ 15. Plaintiff alleges that she was congratulated and provided with instructions to enroll with C&W's short-term disability insurance company. Id. ¶ 17. According to plaintiff, her manager, Will Jarvis, approved her leave, though he subsequently moved to Seattle and Roedemeier became plaintiff's direct manager. Id. Plaintiff claims that Roedemeier scheduled a one-on-one call with plaintiff on August 21, 2024, but plaintiff was unable to meet because she unexpectedly went into labor that day. Id.

Plaintiff alleges that at the end of November 2024, Roedemeier contacted her via Microsoft Teams regarding her return date and she informed Roedemeier "that her state disability/paid family leave claim ended on November 28, 2024, and that [she] would return to work on December 2, 2024." Id. ¶ 18. Plaintiff alleges that she returned from disability leave on December 2, 2024 at 8:00 a.m., and at 8:25 a.m., "she received a calendar invite for a 9:00 a.m. meeting. Despite her stellar reviews, [she] was terminated in that meeting after being told her 'role was eliminated.'" Id. ¶ 19.

Plaintiff alleges that prior to the start of her leave, she had no warning that her role would be restructured or eliminated, and no other employee had their role eliminated or was terminated at the same time as plaintiff's wrongful termination. Id. ¶ 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:25-cv-04783-CAS-SKx | Date | August 18, 2025 |
|---|---|---|---|
| Title | Connie Kim v. Cushman and Wakefield U.S., Inc. et al | | |

## III.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).  Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court.  28 U.S.C. § 1441(a).  Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing defendant to demonstrate that subject matter jurisdiction exists.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  As a result, the party seeking removal bears the burden of establishing federal jurisdiction.  See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction").  See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction).

Jurisdiction founded on diversity requires that the parties be in complete diversity and that the amount in controversy exceed $75,000.  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1).  Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business."

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant.  Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).  If a court finds fraudulent joinder of a sham defendant, it may disregard the citizenship of the sham defendant for removal purposes.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  A nondiverse defendant is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:25-cv-04783-CAS-SKx | Date | August 18, 2025 |
|---|---|---|---|
| Title | Connie Kim v. Cushman and Wakefield U.S., Inc. et al | | |

settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court ...." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009); Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so. If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham ... and is not fraudulent in fact or in law." (citations and internal quotation marks omitted)); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." (citing Dodson, 951 F.2d at 42)).

In accordance with this high standard, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42; see also Hunter, 582 F.3d at 1042 (9th Cir. 2009) (in deciding whether removal is proper, "the court resolves all ambiguity in favor of remand to state court"). Courts may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure before Trial ¶ 2:2456 (The Rutter Group 2016) (citing W. Am. Corp. v. Vaughan–Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985)). However, a court's inquiry into fraudulent joinder ought to be "summary" because "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Hunter, 582 F.3d at 1045 (quoting Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc).

Courts in the Ninth Circuit disagree as to what standard applies when a plaintiff seeks to amend a complaint to add a party that destroys diversity. McGrath v. Home Depot USA, Inc., 298 F.R.D. 601, 606 (S.D. Cal. 2014) (collecting cases). Some courts apply the liberal amendment standard under Federal Rule of Civil Procedure 15(a). See, e.g., Barnes & Noble, Inc. v. LSI Corp., 823 F. Supp. 2d 980, 985 (N.D. Cal. 2011)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:25-cv-04783-CAS-SKx | Date | August 18, 2025 |
|---|---|---|---|
| Title | Connie Kim v. Cushman and Wakefield U.S., Inc. et al | | |

(recognizing an amended complaint that "merely added certain claims and parties and deleted certain claims, as [p]laintiffs were permitted to do under Rule 15(a)"); In re CBT Grp. PLC Sec. Litig., 98-cv-21014–RMW, 2000 WL 33339615 at *5 n. 6 (N.D. Cal. Dec. 29, 2000) ("[A]s this court has previously held, joinder of a party when amending the pleadings should be analyzed under the liberal amendment policy of Rule 15.").

    By contrast, other courts have found that once a case has been removed to federal court, the court must scrutinize a diversity-destroying amendment to ensure that it is proper under 28 U.S.C. Section 1447(e). See, e.g., Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1019 n. 2 (C.D. Cal. 2002) ("[T]he proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. 1447(e)." (citations omitted)); Hardin v. Wal–Mart Stores, Inc., 813 F. Supp. 2d 1167, 1173 n.2 (E.D. Cal. 2011) ("Plaintiffs may not circumvent 28 U.S.C. 1447(e) by relying on Fed. R. Civ. P. 15(a) to join non-diverse parties."); Dooley v. Grancare, LLC, No. 15-cv-3038-SBA, 2015 WL 6746447, *2 (N.D. Cal. 2015) ("[F]ederal courts have concluded that when an amendment would deprive the court of subject matter jurisdiction, a party may not rely on Rule 15(a) to amend a pleading without leave of court; such an amendment must instead be analyzed pursuant to § 1447(e).").

    Having considered these conflicting authorities, the Court adopts the approach of the line of cases applying Section 1447(e) to scrutinize the propriety of a diversity-destroying amendment pursuant to Rule 15(a). The Court is persuaded by the reasoning set out in McGrath:

> First the majority of district courts in the Ninth Circuit addressing the specific situation of a plaintiff attempting to use a Rule 15(a) amendment "as a matter of course" to destroy diversity jurisdiction by adding claims against a non-diverse defendant have scrutinized the plaintiff's purposes for amendment under section 1447(e). Second, while Rule 15(a) addresses amendment of pleadings generally, 28 U.S.C. section 1447(e) addresses the specific situation of post-removal joinder of non-diverse defendants. Third, the Ninth Circuit has recognized that a plaintiff's motives are relevant to the question of whether district courts should allow amendment to a complaint to add a party even under the liberal amendment policy set forth in Rules 15 and 20. Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) ("[W]e conclude that a trial court should look with particular

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-04783-CAS-SKx | Date | August 18, 2025 |
|---|---|---|---|
| Title | Connie Kim v. Cushman and Wakefield U.S., Inc. et al | | |

care at [plaintiff's] motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court.").

McGrath, 298 F.R.D. at 608.

Pursuant to Section 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

When deciding whether to allow amendment to add non-diverse defendants under Section 1447(e), courts generally consider the following factors:

> (1) whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

Calderon v. Lowe's Home Ctrs., LLC, No. 2:15-cv-01140-ODW-AGR, 2015 WL 3889289, *3 (C.D. Cal. 2015) (citing Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (C.D. Cal. 2000)). "Any of these factors might prove decisive, and none is an absolutely necessary condition for joinder." Cruz v. Bank of N.Y. Mellon, No. 5:12-cv-00846–LHK, 2012 WL 2838957, at *4 (N.D. Cal. July 10, 2012)(quotation marks omitted).

## IV.   DISCUSSION

### A.   The Parties' Arguments

Plaintiff argues that she should be granted leave to amend her complaint to dismiss Roedemeier as a defendant without prejudice, to dismiss without prejudice her third claim for harassment, and to join as a defendant Cushman & Wakefield of California, Inc. ("C&W of CA"). Mot. at 3. She argues that her Proposed FAC "contains several allegations that establish facially valid employment-based claims for Pregnancy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:25-cv-04783-CAS-SKx | Date | August 18, 2025 |
|---|---|---|---|
| Title | Connie Kim v. Cushman and Wakefield U.S., Inc. et al | | |

Disability Discrimination, Retaliation, Wrongful Termination and related claims against C&W of CA, who in conjunction with defendant [C&W] are alleged to have been Plaintiff's joint or ostensible employers under California law." Id. Accordingly, she argues that the Court should exercise its discretion pursuant to 28 U.S.C. § 1447(e) to permit her to amend and accordingly remand the action to Los Angeles County Superior Court. Id.

Plaintiff argues that C&W of CA should be joined as a defendant because denial of joinder would lead to separate and redundant actions, as plaintiff will pursue her claims against C&W of CA in state court should she not be permitted to pursue them in this action. Id. at 6. She argues that the motion is timely because just over a month lapsed between removal and her motion, showing diligence. Id. at 7. Plaintiff argues that the case is still in its early stages. Id. Next, plaintiff argues that her motive for joinder is not solely to defeat jurisdiction because she has alleged facially valid claims against C&W of CA, "based on her good faith belief that she was an employee of C&W of CA and C&W who she understood to jointly employ her or to operate so closely together that there was no distinction between them or any other Cushman & Wakefield entity for which Plaintiff performed work." Id. at 7-8. Plaintiff contends that accordingly, her request to join C&W of CA is made in good faith and supports permitting joinder. Id. at 8. At a minimum, she argues, discovery would be required to make a determination as to whether C&W and C&W of CA were her joint employers. Id. at 11. Plaintiff argues that she would be prejudiced by having to file a separate action in state court. Id. at 12.

In opposition, defendant argues that plaintiff is wrongfully attempting to destroy diversity by joining C&W of CA as a defendant. Opp. at 1. It argues that she originally named Roedemeier as a defendant and alleged a harassment claim against her, but that "after removal and after discovering that Ashley Roedemeier is not a California citizen and incapable of destroying diversity, [p]laintiff now wishes to dismiss all harassment allegations and Ashley Roedemeier from the case."[1] Id. Now, in order to destroy diversity, defendant argues, plaintiff seeks to include C&W of CA as an alleged joint employer, "a transparent effort to avoid this Court's jurisdiction." Id. Defendant contends that there is no reasonable dispute that plaintiff was not employed by C&W of CA, as it does not appear on any of her employment documents and she "cannot muster a

---

[1] The Court notes that defendant does not oppose the dismissal of Roedemeier and the harassment claim. Id. at 1 n.1.

Case 2:25-cv-04783-CAS-SK   Document 23   Filed 08/18/25   Page 8 of 14   Page ID #:324

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    'O'

| Case No. | 2:25-cv-04783-CAS-SKx | Date | August 18, 2025 |
|---|---|---|---|
| Title | Connie Kim v. Cushman and Wakefield U.S., Inc. et al | | |

single specific factual allegation which would give rise to a facially viable joint employer relationship with her and C&W of CA." Id. Further, defendant argues, plaintiff is unable to articulate why she had a good faith belief that she was jointly employed by C&W and C&W of CA but failed to mention C&W of CA in her original complaint. Id.

Defendant argues that not a single factor of those the Court should consider when determining whether to permit joinder in this context weighs in favor for joinder of C&W of CA, thus plaintiff's motion must be denied. Id. at 4. First, defendant argues that joinder is not required by Rule 19(a) because C&W of CA adds nothing to this litigation, since plaintiff can obtain complete relief from defendant without joinder of C&W of CA and C&W of CA is not related to plaintiff's claims in any way. Id. at 4-5. Plaintiff, defendant argues, seeks to hold C&W of CA and defendant jointly liable, demonstrating that C&W of CA is not a necessary party. Id. at 5. Defendant contends that joinder of C&W of CA "only makes sense when [p]laintiff's improper motive is taken into account," especially given that defendant is a nationwide company with thousands of employees, while C&W of CA has fewer than 100 employees, thus there should be greater concern about C&W of CA's ability to pay a judgment as opposed to defendant's ability to do so. Id. at 6. Next, defendant argues that plaintiff admits she could still bring claims against C&W of CA in state court because the statute of limitations has not run, which weighs against permitting joinder. Id. at 7. Further, defendant argues that plaintiff's unexplained failure to have included C&W of CA in her initial complaint is fatal to her request for joinder and that it does not matter how quickly plaintiff acted to amend after removal if the party to be joined was known to plaintiff before she filed the initial complaint. Id. at 7-8.

Defendant also argues that plaintiff does not allege valid claims that she was jointly employed by C&W of CA because her only factual allegation in the proposed FAC is that certain individuals held themselves out as C&W employees, but not that they held themselves out as employees of C&W of CA, nor is C&W of CA defendant's parent company or in control of the brand. Id. at 12. Defendant argues that C&W of CA does not own the location where plaintiff worked, its offices are at the other end of the state, plaintiff never worked in those offices, C&W of CA does not own or control the C&W brand, and C&W of CA never had control over plaintiff's employment. Id. at 13. It argues that though plaintiff contends that the joint employer analysis is factually intensive and thus should not be decided at this stage, she has offered no facts at all to support her claim. Id. Finally, defendant argues that denial of plaintiff's motion would not prejudice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:25-cv-04783-CAS-SKx | Date | August 18, 2025 |
|---|---|---|---|
| Title | Connie Kim v. Cushman and Wakefield U.S., Inc. et al | | |

her, but granting the motion would prejudice defendant and "the completely uninvolved C&W of CA." Id. at 14.

In reply, plaintiff first argues that a factually similar case involving C&W of CA, Ports v. Cushman & Wakefield of California, Inc., No. 3:24-03645-TLT, Dkt. 24 (N.D. Cal. Sept. 20, 2024), was recently remanded in the Northern District of California and that this Court should follow suit.[2] Reply at 2. Plaintiff argues that though defendant asserts that she can obtain complete relief from defendant, "it is difficult at this early stage of the litigation to be sure." Id. at 3-4. As to whether she has acted diligently in seeking to join C&W of CA, plaintiff argues that "[w]hether or to what extent [p]laintiff could have named C&W of CA earlier is of no moment given that under prevailing authority [p]laintiff as acted diligently in seeking to amend her complaint less than three months after initially filing this action." Id. at 5. Plaintiff reiterates that she would be prejudiced by denial of her motion and argues that defendant would not be prejudiced because the litigation is in its early stages and counsel for defendant would likely represent both entities. Id. at 10.

**B.    The Court's Conclusions**

First, the Court notes that defendant does not oppose plaintiff's dismissal of Roedemeier nor dismissal of the third claim for relief for harassment. Opp. at 1. In any event, because there has been no responsive pleading, plaintiff has the ability to dismiss Roedemeier and her harassment claim without Court approval.

However, if the Court grants plaintiff leave to amend to add C&W of CA as a party, complete diversity would be destroyed, and the Court would not be permitted to exercise diversity jurisdiction. Therefore, the Court must consider whether plaintiff's joinder of C&W of CA would be proper.

---

[2] The Court notes that in Ports, plaintiff had named C&W of CA in its original complaint, prior to removal, and thus the question was one of fraudulent joinder, which requires the Court to credit that plaintiff added the non-diverse defendant in good faith so long as there is any possible claim against the defendant. Grancare, LLC v. Thrower by and Through Mills, 889 F.3d 543, 549 (9th Cir. 2018). Importantly, this is not the applicable standard when, as here, plaintiff seeks to join a non-diverse defendant after removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-04783-CAS-SKx | Date | August 18, 2025 |
|---|---|---|---|
| Title | Connie Kim v. Cushman and Wakefield U.S., Inc. et al | | |

1. <u>The Extent to which C&W of CA is Necessary for Just Adjudication</u>

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." <u>Clinco v. Roberts</u>, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); Fed. R. Civ. P. 19(a). However, while courts consider the standard set forth under Rule 19 in determining whether to permit joinder under section 1447(e), "amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]." <u>IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.</u>, 125 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2000). "The standard is met when failure to join will lead to separate and redundant actions," but it is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief." <u>Id.</u> at 1012.

Here, the Court finds that the standard is not met because, while plaintiff would have to bring an action in state court should it continue to desire to seek relief from C&W of CA, failure to join would not prevent plaintiff from getting complete relief. Plaintiff relies on the notion that she would have to file the separate state court action as the basis for her claim that this factor favors joinder, but the Court agrees with defendant that the fact that plaintiff seeks to hold C&W and C&W of CA jointly liable demonstrates that she could get complete relief from defendant without joinder of C&W of CA. This supports a finding that joinder is not necessary for just adjudication.

2. <u>Statute of Limitations</u>

The parties agree that the statute of limitations would not bar plaintiff from filing a new action against C&W of CA in state court. Mot. at 6; Opp. at 7. Where the statute of limitations is not a bar to the party seeking joinder bringing a new action, there can be no prejudice in denying joinder. Accordingly, this factor weighs in favor of the denial of joinder.

3. <u>Timeliness</u>

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." <u>Clinco</u>, 41 F. Supp. 2d at 1083. Plaintiff argues that her attempt to join C&W of CA is timely because the action was filed on April 16, 2025, it was removed to this Court on May 27, 2025, and at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:25-cv-04783-CAS-SKx | Date | August 18, 2025 |
|---|---|---|---|
| Title | Connie Kim v. Cushman and Wakefield U.S., Inc. et al | | |

the time of the filing of her motion, just over a month had passed since removal. Mot. at 7. Additionally, she contends, this action is still at the pleading stage. Id. Accordingly, this delay is "not unreasonable under this circuit's precedents," as the parties have yet to file dispositive motions. See Lara v. Bandit Industries, Inc., No. 2:12-cv-02459-MCE-AC, 2013 WL 1155523, at *3 (E.D. Cal. March 19, 2013) (holding that filing five months after the initial complaint and three months after removal was not untimely when the parties had not filed dispositive motions); Yang v. Swissport USA, Inc., No. 3:09-cv-03823-SI, 2010 WL 2680800, at *4 (N.D. Cal. 2010) (granting plaintiffs' motion to amend filed nine months after removal where "no dispositive motions have been filed, and the discovery completed thus far [would] be relevant whether the case is litigated in [federal] court or state court"); Stout v. Int'l Bus. Machines Corp., No. 2:16-cv-4914-MOA-JW, 2016 WL 4528958, at *7 (C.D. Cal. Aug. 30, 2016) (finding plaintiff's filing of a first amended complaint within one month of removal timely); Boon, 229 F. Supp. 2d at 1023 ("Plaintiffs did not unreasonably delay in filing their First Amended Complaint where it was filed less than three months after they filed their original complaint in Superior Court, and less than a month after removal.").

Thus, looking only at the time that has elapsed between filing and joinder, this factor would weigh in favor of joinder. However, if plaintiff did always believe, as she now seeks to allege, that C&W of CA was her joint employer, the Court notes that plaintiff was presumably aware of this fact prior to filing her original complaint. This raises a question as to whether it is timely to seek to add C&W of CA at this stage, though the Court discusses this in greater detail below, as it pertains to plaintiff's motive to seek joinder.

    4.    <u>Motive Behind Joinder</u>

In some cases, courts have inferred an improper motive where the plaintiff's proposed amended complaint contains only minor or insignificant changes to the original complaint. See Clinco, 41 F. Supp. 2d at 1083 n.2. The question of whether joinder is solely intended to defeat jurisdiction is "intertwined" with the question of whether the claims against the new defendant appear valid. See McGrath, 298 F.R.D. at 608 ("[A]n assessment as to the strength of the claims against the proposed new Defendants bears directly on whether joinder is sought solely to divest this Court of jurisdiction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:25-cv-04783-CAS-SKx | Date | August 18, 2025 |
|---|---|---|---|
| Title | Connie Kim v. Cushman and Wakefield U.S., Inc. et al | | |

Here, the FAC is nearly identical to the original complaint, aside from the addition of "C&W of CA" along with defendant in every allegation and one new paragraph, alleging the following:

> Although PLAINTIFF was ostensibly employed by CUSHMAN, all of the work performed by PLAINTIFF was performed at the Los Angeles location, located at 900 Wilshire Blvd., Suite 2400, Los Angeles, California. PLAINTIFF and her supervisors, managers and coworkers all held themselves out as employees of CUSHMAN & WAKEFIELD, without regard to any difference between CUSHMAN, C&W CA or any other entity. Other CUSHMAN & WAKEFIELD employees, including management, would email Plaintiff and coworkers about their work, job duties, and general company updates for "Cushman & Wakefield" without specification of the legal name of the company. PLAINTIFF's direct supervisor for the majority of her employment prior to her leave was Will Jarvis, also based in the Los Angeles office. PLAINTIFF has a good faith belief that she was an employee of C&W of CA and CUSHMAN, who she understood to jointly employ her or to operate so closely together that there was no distinction between them or any other Cushman & Wakefield entity for which PLAINTIFF performed work.

Proposed FAC ¶ 12.

The Court discusses the content of this paragraph and its relevance to the validity of plaintiff's claim in more detail below, however, the Court concludes that it does not demonstrate that plaintiff has a motive to join C&W of CA aside from destroying diversity. Plaintiff has not indicated any reason for adding C&W of CA at this juncture, and in response to defendant's contention that there is no dispute that she can obtain complete relief from defendant, she argues only that "it is difficult at this early stage of litigation to be sure." Reply at 4. Accordingly, the Court finds that plaintiff has no apparent motivation for adding C&W of CA aside from destroying diversity, which weighs heavily against permitting joinder.

     5.    <u>Apparent Validity of Plaintiff's Claims</u>

The Court finds that plaintiff does not allege valid claims of joint employment by C&W of CA. Though she alleges that it was her "good faith belief" that she was jointly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-04783-CAS-SKx | Date | August 18, 2025 |
|---|---|---|---|
| Title | Connie Kim v. Cushman and Wakefield U.S., Inc. et al | | |

employed by both C&W and C&W of CA, C&W of CA appears to be a wholly owned subsidiary of C&W, and C&W argues that plaintiff's offer letter and W-2 documents "identify 'Cushman & Wakefield U.S., Inc.'" as plaintiff's employer. Opp. at 2. Plaintiff's only substantial new allegation in her proposed FAC, set forth above, boils down to an idea that because coworkers and others referred to the entity as C&W in different contexts and did not specify any specific sub-entity, she assumed that she was employed by C&W and C&W of CA because she worked in California. Proposed FAC ¶ 12. The Court concludes that this assumption was not reasonable and plaintiff provides no evidence in her motion to support it.

Plaintiff bases the validity of her claim on a joint employment or an ostensible agency theory, citing Ochoa v. McDonald's Corp., 133 F.Supp. 3d 1228 (N.D. Cal. 2015). There, the court found that McDonald's was not entitled to summary judgment because they could potentially be liable as a joint employer under an ostensible agency theory, relying on declarations submitted by plaintiffs stating that "they believed McDonald's was their employer, in part because they wear McDonald's uniforms, serve food in McDonald's packaging, receive paystubs and orientation materials marked with McDonald's name and logo, and, with the exception of [one plaintiff], applied for a job through McDonald's website." Ochoa, 133 F. Supp. 3d at 1239-1240. The Court finds that this circumstance is entirely different. Plaintiff alleges that she assumed C&W of CA was her joint employer because communications were signed or mentioned C&W with no further indication of an entity. Proposed FAC ¶ 12. The Court does not find this sufficient to support a valid claim, and no additional discovery is necessary to make such a determination. Plaintiff does not contest that her W-2 documents and offer letter indicated that her employment was with Cushman & Wakefield U.S., Inc., defendant in this matter. Opp. at 2.

Further, this is not a circumstance where the joint employer doctrine is invoked because there is some question about the liquidity of the employer who is the named defendant. It appears from public filings that C&W of CA is a wholly owned subsidiary of C&W. Thus C&W, as it argues, is more likely to be able to pay any judgment rendered in plaintiff's favor than its California subsidiary would be, and plaintiff seeks to amend to hold the two entities jointly liable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-04783-CAS-SKx | Date | August 18, 2025 |
|---|---|---|---|
| Title | Connie Kim v. Cushman and Wakefield U.S., Inc. et al | | |

Accordingly, the Court concludes that plaintiff's good faith belief of joint employment, in the context made clear by C&W, is insufficient to support the validity of her claim against C&W of CA. This factor weighs against joinder.

   6. <u>Prejudice</u>

"Prejudice exists if the proposed defendant is 'crucial' to the case. Prejudice does not exist if complete relief can be afforded without that defendant." <u>McCarty v. Johnson & Johnson</u>, No. 1:10-cv-00350-OWW-DLB, 2010 WL 2629913, *9 (E.D. Cal. 2010) (citation omitted). It is clear, given plaintiff's desire to hold C&W and C&W of CA jointly liable in this matter, that C&W of CA is not crucial to the case. Rather, complete relief can be awarded to plaintiff without the joinder of C&W of CA.

   7. <u>Summary</u>

The Court concludes that all factors, other than possibly timeliness, weigh against joinder and subsequent remand. Given the balance of these factors, the Court denies plaintiff's motion to amend to add C&W of CA as a defendant.

**V. CONCLUSION**

The Court **DENIES** plaintiff's motion for leave to amend to join C&W of CA as a defendant. Accordingly, the Court **DENIES** plaintiff's motion for remand.

IT IS SO ORDERED.

|  |  | 00 | : | 15 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |